IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DOUGLAS V. BLEDSOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:14-CV-325-MEF |
| ) | [WO] |
| ) | |
| BRENDA KING, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Douglas V. Bledsoe ["Bledsoe"], a former state inmate. In the complaint, Bledsoe alleges officers at Draper Correctional Facility subjected him to excessive force, i.e., sprayed him with mace in an effort to gain his cooperation in photographing his tattoos prior to his release from prison. *Complaint - Doc. No. 1* at 10-15. Bledsoe concedes that the force about which he complains occurred after he refused orders to have the photographs taken on several different days prior to the incident. *Id*. at 10-13. Bledsoe further advises that within twenty minutes of the challenged use of force he again refused orders to acquiesce to the photographs. *Id*. at 13-14. Finally, Bledsoe acknowledges that during the incident at issue he continued to "protest" and "refused" to voluntarily submit to the photographs. *Id*. at 15.

Pursuant to the orders of this court, the defendants filed a written report supported by relevant evidentiary materials, including affidavits, internal reports, medical records and a

video recording of the incident, in which they address the claims for relief presented by Bledsoe. The report and evidentiary materials refute the self-serving, conclusory allegations presented by Bledsoe in the complaint. The defendants assert the evidence before the court, including the video recording, indicates that officers used only that amount of force necessary to attain Bledsoe's compliance with lawful orders with respect to photographing his tattoos and that the officers did not act sadistically or maliciously in their use of force against Bledsoe. The defendants therefore argue that they did not violate Bledsoe's constitutional rights in extracting him from his cell for the purpose of obtaining photographs of his tattoos.

In light of the foregoing, the court issued an order directing Bledsoe to file a response to the defendants' written report. *Order of June 17, 2014 - Doc. No. 30*. The order advised Bledsoe that his failure to respond to the report would be treated by the court "**as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action**." *Id*. at 1 (emphasis in original). Additionally, the order "**specifically cautioned [the plaintiff] that [his failure] to file a response in compliance with the directives of this order**" would result in the dismissal of this civil action. *Id*. The time allotted Bledsoe for filing a response in compliance with the directives of this order expired on July 7, 2014. As of the present date, Bledsoe has failed to file a requisite response in opposition to the defendants' written report. The court therefore concludes that this case should be dismissed.

The court has reviewed the file to determine whether a less drastic measure than

dismissal is appropriate. After such review, it is clear that dismissal of this case is the proper course of action at this time. Bledsoe is an indigent individual. Thus, the imposition of monetary or other punitive sanctions against him would be ineffectual. Additionally, Bledsoe's inaction in the face of the defendants' report and evidence suggests a loss of interest in the continued prosecution of this case. Finally, the undisputed evidentiary materials submitted by the defendants, including but not limited to the video recording of the incident, indicate that no violation of the Constitution occurred. It therefore appears that any additional effort by this court to secure his compliance would be unavailing. Consequently, the court concludes that the plaintiff's abandonment of his claims and his failure to comply with an order of this court warrant dismissal. *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see also Tanner v. Neal,* 232 Fed. Appx. 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amendment to complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply).

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice. It is further

ORDERED that **on or before August 29, 2014**, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive

or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 15th day of August, 2014.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE